UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUNSAI XU,                                                    :
                                                             :
                              Plaintiff,                     :        25-CV-8165 (JPC) (RWL)
                                                             :
              - against -                                    :
                                                             :        **REPORT & RECOMMENDATION:**
ALISON Y. TUITT, SUPERVISOR VENNCIA,                         :        **SUA SPONTE DISMISSAL**
and SUPERVISOR ROPES,                                        :
                                                             :
                              Defendants.                    :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

The Court, sua sponte, recommends this case be dismissed with prejudice.

## Background[1]

Junsai Xu, proceeding pro se, filed this action on September 30, 2025, and paid

the requisite filing fee.  (*See* Dkt. 1 (the "Complaint").)  The Complaint asserts Bronx Civil

Court Judge Alison Y. Tuitt and court employees "supervisor Venncia and supervisor

Ropes" (collectively, the "Defendants"), "hysterically engaged in racial discrimination."

(*Id*. at 1, 3.)  As best the Court can glean from the Complaint and Xu's other submissions,

which are largely incomprehensible, Xu filed a lawsuit in state court regarding a broken

"faucet water pipe" in an unspecified building (the "State Action").[2]  (*Id.* at 1.)  Judge Tuitt

presided over the State Action and "deliberately dragged on" the case for six months

---

[1] The following facts are taken from the complaint and accepted as true for present purposes.  As Xu is proceeding pro se, the Court affords a liberal construction to his allegations to raise the "strongest arguments that they suggest."  *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotations and citations omitted).

[2] The Complaint includes a printout from the New York State Unified Court System electronic filing system for *Xu v. 1898 Longfellow Avenue HDFC*, Index No. 2548/2025 (N.Y. Civ. Ct., Bronx County).

without reaching a verdict.  (*Id.* at 3; *see also* Dkt. 11 at 1.)  When Xu asked when judgment would be issued in the State Action, Ropes replied "I don't know[.]"  (Compl. at 3.)  According to Xu, Judge Tuitt "was always full of hatred for [Xu's] case and insisted that [Xu] hire a lawyer."  (*Id.* at 1.)

Xu also describes other indignities he experienced in state court.  Specifically, whenever Xu goes to court, he is "pushed from this office to another office, that is to say, they are not accepting cases at all, but hearing cases."  (*Id*. at 2.)  At some point, multiple bailiffs removed Xu from court.[3]  (*Id.*; Dkt. 11 at 1.)

In addition to these disjointed allegations concerning Defendants and Xu's experience in state court, the Complaint also includes a brief description of systemic racism in the United States and of various other lawsuits Xu initiated pro se, including cases concerning Xu's experience as a card dealer at a casino, his being "put in a mental hospital" as a "political prisoner" for supporting Donald Trump's presidential campaign, and accusations that he had "rats in [his] villa."  (Compl. at 1-2.)

The Complaint does not identify any cause of action or request any cognizable relief.[4]  Given Xu's allegation that Defendants "refused to complete the case and go through due process," the Court construes the Complaint as asserting a claim under Section 1983 and the Due Process Clause of the Fourteenth Amendment.  (*Id*. at 2.)

---

[3] Xu does not allege that the bailiffs engaged in any wrongful conduct.  (Compl. at 1 (noting the bailiffs "work very hard" and did not engage in discrimination).)

[4] Xu states that Defendants "must be convicted of serious crimes."  (Compl. at 1; *see also* Dkt. 11 at 1 (requesting Defendants be "sentence[d] … to imprisonment!").)

**Discussion**

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions," regardless of their motives or alleged bad faith.   *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).   Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature" and thus immune from suit.   *Id.* at 210.   Judicial immunity may be "overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity.   Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of … jurisdiction."   *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286 (1991) (internal citations omitted).   Judicial immunity also extends to non-judicial actors, including court employees, where the "actor's role is functionally comparable to the roles of those judges, or his acts are integrally related to an ongoing judicial proceeding."   *Bliven*, 579 F.3d at 210 (internal quotation marks and citation omitted).

"The Court has the inherent authority to dismiss frivolous claims, sua sponte, even if the filing fee has been paid."   *Mendez-Nouel v. Rodriguez*, No. 25-CV-5439, 2025 WL 2098640, at *1 (S.D.N.Y. July 25, 2025) (citing *Fitzgerald v. First East Seventh Street Tenants Corp*., 221 F.3d 362 (2d Cir. 2000)) (dismissing pro se complaint, sua sponte and without notice, where it was "unmistakably clear" that defendant is protected by absolute judicial immunity); *see also Wynn v. Larimer*, No. 22-CV-6355, 2022 WL 15523474, at *3 (W.D.N.Y. Oct. 27, 2022) (dismissing pro se complaint, sua sponte, as "being frivolous and barred by absolute judicial immunity," notwithstanding the fact that plaintiff paid the filing fee).

Xu is suing Defendants for their role in presiding over and managing the State Action, and, in particular, their delay in entering judgment in that case. (*See* Compl. at 2 ("Judge [Tuitt], supervisor Venncia[,] and supervisor Ropes … refused to complete the case and go through due process").) Notwithstanding Xu's (conclusory) allegations of discrimination, Defendants' management of the state court litigation is a quintessential judicial act and absolutely immune from suit. Even though pro se plaintiffs typically are afforded at least one opportunity to amend their complaint, there is nothing that Xu can do to remedy judicial immunity. Accordingly, this case can and should be dismissed with prejudice. *See Mendez-Nouel*, 2025 WL 2098640, at *2 (dismissing pro se complaint with prejudice because of judicial immunity); *Wynn*, 2022 WL 15523474, at *3 (same).

## **PROCEDURE FOR FILING OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Any party shall have fourteen (14) days to file a written response to the other party's objections. Any such objections and responses shall be filed with the Clerk of Court, with courtesy copies delivered to the Chambers of the Honorable John P. Cronan, United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any request for an extension of time for filing objections must be addressed to Judge Cronan. **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

4

RESPECTFULLY SUBMITTED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  February 3, 2026
         New York, New York

The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to the pro se plaintiff.

5