UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                              :
JUNSAI XU,                                                    :
                                                              :
                                  Plaintiff,                  :
                                                              :
                -v-                                           :          25 Civ. 8165 (JPC) (RWL)
                                                              :
ALLISON Y. TUITT, *et al.*,                                   :          OPINION AND ORDER
                                                              :          ADOPTING REPORT AND
                                  Defendants.                 :          RECOMMENDATION
                                                              :
-------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

*Pro se* Plaintiff Junsai Xu brings this action against the Honorable Allison Y. Tuitt, a

Justice of the New York Supreme Court, Bronx County, and court employees identified in his

Complaint as "supervisor Venncia and supervisor Ropes."  Dkt. 1 ("Complaint").  Xu appears to

allege that Justice Tuitt presided over a state-court action he filed regarding a broken "faucet water

pipe," but "refused to complete the case and go through due process."  *Id.* at 1-2.  Xu also alleges

that whenever he went to state court, he was "pushed from this office to another office."  *Id.* at 2.

The Complaint does not clarify who "supervisor Venncia" and "supervisor Ropes" are, however,

or even explain what role they played in any of the alleged conduct.

On February 3, 2026, the Honorable Robert W. Lehrburger, to whom this case has been

referred for general supervision of pretrial proceedings and to issue recommendations on any

dispositive motions, issued a Report and Recommendation, recommending that the undersigned

*sua sponte* dismiss this action.  Dkt. 15 ("R&R").[1]  On February 5, 2026, Xu filed a letter which

---

[1] District courts have inherent authority to dismiss claims *sua sponte* when it is "unmistakably clear" that such claims lack merit.  *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir.

reiterated the arguments in his Complaint but did not mention Judge Lehrburger's Report and Recommendation. Dkt. 16. On February 24, 2026, Xu filed another letter, this time stating that "Judge Robert W. Lehrburger turned a blind eye to my . . . allegations." Dkt. 17 at 2. On March 10, 2026, Xu filed a third letter that did not mention Judge Lehrburger's Report and Recommendation but contended that Xu "was confronted with five consecutive arson crimes." Dkt. 18 at 2. On April 2, 2026, Xu filed a fourth letter that again did not mention Judge Lehrburger's Report and Recommendation but accused a police station and a fire station of "conduct[ing] long-term and illegal residential surveillance." Dkt. 19 at 1.

The Report and Recommendation advised that from the date of its service, the parties had fourteen days to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object and preclude appellate review. R&R at 4; *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Because the docket reflects that the Report and Recommendation was mailed to Xu on February 5, 2026, he had until February 22, 2026 to file objections. *See* Fed. R. Civ. P. 6(d) (adding three days to "[w]hen a party must act . . . after being served" if service is made by mail); Docket Entry, Feb. 5, 2026. Xu's February 24, 2026, March 10, 2026, and April 2, 2026 letters therefore were not timely objections. *Cf. Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("In general, failure to object timely to a magistrate's

---

1999). In addition, "a Magistrate Judge's Report and Recommendation recommending that a claim be dismissed constitutes the requisite notice and opportunity to be heard to allow a district court to dismiss a claim *sua sponte*." *Bocci v. Nationstar Mortg. LLC*, No. 23 Civ. 1780 (JPC) (KHP), 2025 WL 2754479, at *5 (S.D.N.Y. Sept. 29, 2025) (citation modified), *adopting in relevant part*, 2025 WL 2467024 (S.D.N.Y. Aug. 8, 2025); *accord E.A. Sween Co. v. A&M Deli Express, Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (summary order); *Newman v. Park*, No. 24 Civ. 6829 (JPC) (JW), 2025 WL 2350259, at *1 (S.D.N.Y. Aug. 14, 2025), *adopting*, 2025 WL 2616512 (S.D.N.Y. July 29, 2025); *Avila v. Acacia Network, Inc.*, No. 23 Civ. 7834 (PAE), 2025 WL 2233987, at *3 n.2 (S.D.N.Y. Aug. 6, 2025), *adopting*, 2025 WL 2161280 (S.D.N.Y. Mar. 28, 2025), *and* 2025 WL 2622619 (S.D.N.Y. Apr. 3, 2025).

2

report operates as a waiver of any further judicial review of the magistrate's decision." (internal quotation marks omitted)); *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[A] *pro se* party's failure to object to a magistrate's report and recommendation within the [applicable] time limit . . . does not operate as a waiver of the right to appellate review of the district court's adoption of the magistrate [judge]'s recommendation unless the magistrate [judge]'s report explicitly states that failure to object [within that time] will preclude appellate review.").

Xu's February 5, 2026 letter, however, was timely, but "[t]o be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general." *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (citation modified). To be sure, "[t]he objections of parties appearing *pro se* are generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (internal quotation marks omitted). "However, even where an objection has been filed *pro se*, an objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." *Williams v. Woodhull Med. & Mental Health Ctr.*, 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012) (citation modified). A district court reviews for clear error those parts of a report and recommendation to which no party has filed proper objections. 28 U.S.C. § 636(b)(1)(A).

Here, to the extent that Xu's February 5, 2026 letter even constitutes an objection to the Report and Recommendation, that objection warrants only review for clear error. Far from making arguments "clearly aimed at particular findings," *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008), Xu's February 5 letter does not even mention the Report and Recommendation.

Notwithstanding Xu's failure to make timely and proper objections, the Court has conducted a *de novo* review of the Report and Recommendation, and finds its conclusions well-founded. As Judge Lehrburger noted, to the extent that the Complaint seeks damages—pursuant to 42 U.S.C. § 1983 or any other authority—from Justice Tuitt in connection with her actions while presiding over Xu's state court action, Xu's claims are barred by the doctrine of judicial immunity. Judges are absolutely immune from suit for damages for actions taken within the scope of their judicial capacity, provided the actions are not taken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (citations omitted). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature," *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009), and in regard to such acts, "even allegations of bad faith or malice cannot overcome judicial immunity," *id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.").

Xu also is not entitled to declaratory or injunctive relief based on Justice Tuitt's alleged conduct presiding over Xu's state court action. Although federal courts "never have had a rule of absolute judicial immunity" in suits seeking injunctive or declaratory relief, *Pulliam v. Allen*, 466 U.S. 522, 536 (1984), there is nonetheless a "need for restraint by federal courts called on to enjoin the actions of state judicial officers," *id.* at 539. Indeed, to "prevent needless friction between state and federal courts," *Okla. Packing Co. v. Okla. Gas & Elec. Co.*, 309 U.S. 4, 9 (1940), equitable relief against state-court judges must be "reserved for really extraordinary cases," *Ex parte Fahey*, 332 U.S. 258, 260 (1947). *See also Whole Woman's Health v. Jackson*, 595 U.S. 30, 40 (2021) (calling a theory that would regularly allow plaintiffs to sue state-court judges "[t]roubling"). This

4

is not such a case. It is a cardinal principle that "[w]hile the lower federal courts were given certain powers in the 1789 [Judiciary] Act, they were not given any power to review directly cases from state courts, and they have not been given such powers since that time." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); *accord Rolle v. Ricigliano*, No. 25 Civ. 3074 (JPC) (JW), 2026 WL 183689, at *2 (S.D.N.Y. Jan. 23, 2026). Xu thus cannot use this lawsuit as a vehicle for reviewing Justice Tuitt's management of his state-court case.

The Court dismisses Xu's claims against Justice Tuitt with prejudice and without leave to amend. Although leave to amend should be freely granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Here, the defects in Xu's claims against Justice Tuitt are irremediable because they stem from the very nature of a suit against a state-court judge challenging her handling of a case, and thus, any amendment of those claims would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it.").

The Court also dismisses Xu's claims against "supervisor Venncia" and "supervisor Ropes" for failure to state a claim. The Complaint pleads no facts establishing their liability under Section 1983 or any other cause of action. Nor is it alleged in the Complaint who these individuals are or what roles they played in any wrong that Xu believes he has suffered. Xu seems to suggest that "supervisor Venncia" and "supervisor Ropes" are court employees who, along with Justice Truitt, failed to move his case at the speed he would have liked. *See* Complaint at 2 ("[A]fter half

5

a year, Judge Allison Y., supervisor Venncia and supervisor Ropes dared to be in the court and refused to complete the case and go through due process."). If that is the basis for their liability, they too may be entitled to immunity. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (explaining that judicial immunity can extend to non-judges "who perform functions closely associated with the judicial process"); *Dieujuste v. Sin*, 731 F. Supp. 3d 440, 448-49 (E.D.N.Y. 2024) ("Absolute immunity extends to court clerks for performance of tasks which are judicial in nature and an integral part of the judicial process." (internal quotation marks omitted)); *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 482 n.5 (E.D.N.Y. 2014) (same); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) ("[A] clerk's acts that implement judicial decisions or that are performed at the direction or under the supervision of a judicial officer come under the ambit of judicial immunity."). But because the Complaint does not specify what conduct "supervisor Venncia" and "supervisor Ropes" engaged in, making it uncertain whether Xu could properly plead viable claims against those individuals, the Court, mindful of Xu's *pro se* status, will allow him to re-plead his claims against "supervisor Venncia" and "supervisor Ropes" should he believe he can cure the pleading deficiencies identified above.

For the reasons stated above, the Report and Recommendation is adopted and Xu's Complaint is dismissed. Within fourteen days of this Opinion and Order, Xu may file an Amended Complaint against "supervisor Venncia" and "supervisor Ropes," but he should only do so if he has a good-faith basis to plead plausible claims against them including in light of the authorities discussed in this Opinion and Order. If Xu fails to file an Amended Complaint by that deadline, or fails to obtain an extension of his time to do so, the Court will dismiss his claims against those two remaining Defendants with prejudice.

6

The Clerk of Court is respectfully directed to terminate Allison Y. Tuitt as a Defendant in this case.

SO ORDERED.

Dated: April 14, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge